Samuel Rocereta (Bar No. 035983)
ROCERETA LAW GROUP, PLLC
4135 S. Power Road, Suite 118
Mesa, AZ 85212
Phone: (602) 388-1629
sam@fusionorthopedics.com

Corby R. Vowell (*pro hac vice*)
VOWELL LAW, PLLC
603 Walnut Hollow Dr,
Mansfield, TX 76063
Phone: (817) 313-9548
corby@vowelllawfirm.com

Ross G. Culpepper (*pro hac vice*)
ALLIANCE IP, LLC
7211 La Vista Dr.
Dallas, TX 75214
Phone: (469) 917-7693
ross@allianceip.com

*Attorneys for Defendant/Counter-Plaintiff*
*Fusion Orthopedics, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| Extremity Medical, LLC, | No. 2:22-CV-00723-PHX-GMS |
|---|---|
| Plaintiff | **DEFENDANT FUSION ORTHOPEDICS, LLC'S MOTION TO STAY** |
| v. | |
| Fusion Orthopedics, LLC, | |
| Defendant | |

Defendant, Fusion Orthopedics, LLC ("Fusion"), through undersigned counsel, hereby moves to stay the litigation pending the resolution of the *Inter Parties Review* of United States Patent number 11,298,166 (the "'166 Patent") at issue in this case as follows:

1

**MEMORANDUM AND POINTS OF AUTHORITY**

I.      **BACKGROUND**

On April 28th, 2022, Extremity Medical, LLC ("Extremity") filed a lawsuit against Fusion in the United States District Court of Arizona. On January 6th, 2023, Fusion was served with Extremity's infringement contentions. On February 17th, 2023, Fusion served Extremity with Fusion's invalidity contentions. On March 17th, 2023, the parties submitted the statement of joint claim construction. On April 28th, 2023, Fusion filed an *Inter Partes Review* of the '166 Patent at issue in this case ("IPR") at the United States Patent and Trademark Office ("USPTO") with the Patent Trial an Appeal Board ("PTAB"). (See Exhibits A and B to the Declaration of Corby R. Vowell). The IPR petition filed by Fusion challenges the validity of all of claims of the '166 patent asserted by Extremity in this litigation. As such, Fusion now moves this Court to stay the litigation of this case pending the resolution of the IPR.

This litigation is still in its early stages despite being on file for some time. The parties have engaged in written discovery but only one deposition has been taken. The Court recently extended the schedule for the completion of depositions and fact discovery. While the Court has ruled on claim construction, the parties have not provided expert reports on infringement, validity, and damages. Finally, the dispositive motion deadline is not until January 12, 2024 and no trial date has been set.

In the IPR proceedings, Extremity has a deadline to file its patent owner's preliminary response ("POPR") by August 22, 2023, and then the PTAB will have three months from that date to render an institution decision. *See* 37 C.F.R. § 42.107(b) and 35 U.S.C. § 314(b).

II.     **LEGAL ARGUMENT**

In 2011, Congress enacted the Leahy-Smith America Invents Act, which replaced the former *inter partes* reexamination proceeding with the IPR process. *Parsons Xtreme Golf LLC v. TaylorMade Golf Co.*, No. CV-17-03125-PHX-DWL, 2018 U.S. Dist. LEXIS 202071, at *3-4 (D. Ariz. Nov. 29, 2018). *See* 35 U.S.C. §§ 311-319; *see generally Oil*

2

*States Energy Servs., LLC v. Greene's Energy Group, LLC*, 138 S. Ct. 1365, 1370-71 (2018); *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2137 (2016). To institute IPR of a patent, a party other than the patent owner files a petition with the [USPTO]. *See* 35 U.S.C. § 311(a). In an IPR, a petitioner "can request cancellation of '1 or more claims of a patent' on the grounds that the claim fails the novelty or nonobviousness standards for patentability. The challenges must be made 'only on the basis of prior art consisting of patents or printed publications.'" *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *3-4. In the present case, Fusion's IPR is based several of the prior art references cited by Fusion in its Invalidity Contentions and not previously addressed by the patent examiner during the original prosecution of the '166 Patent.

"A court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. In deciding how best to exercise this inherent power, the court must weigh competing interests and maintain an even balance." *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *9 (*quoting Drink Tanks Corp. v. GrowlerWerks, Inc.*, 2016 WL 3844209, *2 (D. Or. 2016) (citation and internal quotation marks omitted)). "With regard to deciding whether to stay litigation pending IPR, courts generally consider the following three factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *9. (*quoting Drink Tanks*, 2016 WL 3844209, at 2 (citation omitted)). Courts generally apply a liberal policy in favor of granting motions to stay proceedings pending the outcome of IPR proceedings. *Id.*, *Medicis Pharmaceutical Corp. v. Upsher-Smith Laboratories, Inc.*, 486 F. Supp. 2d 990, 993 (D. Ariz. 2006) (citations omitted) ("Indeed, district courts within this Circuit have noted that 'there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination . . . proceedings.'"). Here, all three factors weigh in favor of granting Fusion's request for a stay.

**A.    Stage of Litigation**

First, the early stage of this litigation weighs in favor of granting a stay. *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *10; *Drink Tanks*, 2016 WL 3844209 at *2; *See Target Therapeutics, Inc.v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D.Cal. 1995) (holding that the absence of "significant discovery" or "substantial expense and time . . . invested" in the litigation weighed in favor of staying the litigation); Here the litigation, while not in its infancy, is still in its early stages. Discovery is in its early stages and is ongoing, only one expert deposition has been taken, expert reports have not been served, no summary judgment motions or *Daubert* motions have been filed, and a trial date has not been set. (See Dkt. 76). Courts in this district have found a stay pending the resolution of an *Inter Parties Review* is generally warranted under such circumstances. *See VPR Brands LP, v. Jupiter Research LLC, CV-20-02185-PHX-DJH,* 2022 U.S. Dist. LEXIS, at *6-7, 15 (D. Ariz. May 5, 2022). The fact that this case is still in the early stages, and the parties have not yet invested substantial expense into the litigation weighs in favor of granting a stay. *Id*. "Generally, the time of the motion is the relevant time to measure the stage of litigation." *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *11 (*quoting VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014). Additionally, discovery deadlines have been extended as requested by the parties. (See Dkt. 76). Given how early the parties are in litigation, it is clear Fusion's request for a stay is not an eleventh-hour attempt to thwart a trial or some other important proceeding. *Caron v. Quickutz, Inc.*, No. CV-09-02600-PHX-NVW, 2010 U.S. Dist. LEXIS 137786 * 2-3 (D. Ariz. Dec. 16, 2010).

**B.    Simplification of Issues in Question**

Second, staying the proceedings will simplify the issues and focus the issues in the case. *Drink Tanks*, 2016 WL 3844209 at *2. Staying the case pending the outcome of IPR proceedings "could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and

clarifying the scope of the claims." *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *13 (*quoting Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, 2015 WL 545534, *3 (N.D. Cal. 2015) (citation omitted)); *see also Evolutionary Intelligence LLC v. Yelp Inc.*, 2013 U.S Dist. LEXIS 178547, *16 (N.D. Cal. 2013) ("[I]f the PTAB cancels all of the asserted claims of the Asserted Patents, this action will be rendered moot. Should the PTAB cancel or narrow any of the asserted claims of the Asserted Patents, the scope of this litigation may be significantly simplified."). Although there is no guarantee that an IPR will eliminate all the claims at issue, the higher standard to initiate an IPR ("reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition" as opposed to "substantial new question of patentability") gives at least some promise that certain challenged claims will be struck down or amended if the USPTO grants the petitions. *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *14-15; *see also PersonalWeb Techs., LLC v. Facebook, Inc.,* 2014 U.S. Dist. LEXIS 4095, at *10-11 (N.D. Cal. Jnary 13, 2014) (the IPR's new, heightened standard of review "provides some assurance that the delay suffered as a result of IPR will be worthwhile"). The claims in the '166 Patent, including all of the claims at issue in this case, are invalid. The IPR filed by Fusion could result in the invalidity of the '166 Patent, thereby simplifying the issues presented to the Court.

Even a mere possibility of simplification of the issues in this case by an IPR can support a stay. *SynKloud Techs, LLC v. Aesthetics Biomedial Inc.*, 2022 U.S. Dist. LEXIS 127958, at *4 (D. Ariz. July 19, 2022). In *SynKloud*, a court in this District noted that even though the PTAB may not have already instituted the IPR, if all of the disputed patents/claims were challenged in the IPR petition, as is here, the circumstances present the maximum potential for simplification of the issues. *Id.*, at *4-5.

In another case in this District, a court recognized that, while the IPR had not yet been instituted and that simplification is thus more speculative, "this uncertainty does not prevent this factor from favoring a stay". See *Pilot Incorporated v. NOCO Co. Inc.*, No. CV-20-01452-PHX-SRB, at 6 (D. Ariz. June 10, 2021). That case was at a similar stage

of the litigation in which claim construction briefing had been completed but no Markman hearing had been held. *Id.*, at 5-6.

The IPR system was to create an improved process for evaluating patent claims, by allowing subject matter experts to render binding decisions on a relatively expedited and cost-efficient basis. *Parsons*, 2018 U.S. Dist. LEXIS 202071, at \*5; *PersonalWeb Techs.*, 2014 U.S. Dist. LEXIS 4095, \*9-10 (citations omitted) (IPR is intended in part to "limit unnecessary and counterproductive litigation costs" and create a "cost-effective alternative to litigation"). Issuing a stay here—rather than the alternative of requiring the parties to engage in costly, parallel litigation of many of the same issues in two different forums— will best effectuate this intent *Parsons*, 2018 U.S. Dist. LEXIS 202071, at \*5; *Oil States Energy Servs.*, 138 S. Ct. at 1372 (noting potential for inefficiency and conflicting judgments in the absence of a stay); *Matthew R. Frontz, Staying Litigation Pending Inter Partes Review & the Effects on Patent Litigation*, 24 Fed. Cir. B.J. 469, 491 (2015) ("Congress's reasoning for implementing *inter partes review* was to present a cost-effective alternative to patent litigation. The district courts have upheld this reasoning by staying 84% of litigations pending an *inter partes review* that has been instituted."). Avoiding costly, duplicative litigation in two forums will also effectuate the overall aim of the Federal Rules of Civil Procedure—to promote the "just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *Parsons*, No. CV-17-03125-PHX-DWL, at 10. By granting a stay, Fusion and Extremity will save the expenses of litigating issues that the USPTO may render moot.

## C.   Undue Prejudice or Clear Tactical Disadvantage

Third, granting Fusion's Motion to Stay will not unduly prejudice Extremity and does not present a clear tactical disadvantage to Extremity. *Parsons*, 2018 U.S. Dist. LEXIS 202071, at \*16; *Drink Tanks*, 2016 WL 3844209 at \*2. "Delay alone does not usually constitute undue prejudice; nevertheless, courts should consider "evidence of dilatory motives or tactics" on the part of the party seeking review. *Parsons*, 2018 U.S. Dist. LEXIS 202071, at \*16 (*quoting GoPro, Inc. v. C&A Mktg., Inc.*, 2017 WL 2591268,

*4 (N.D. Cal. 2017) (citation omitted)). Accordingly, courts have articulated four sub-factors that are relevant to the prejudice analysis: (1) the timing of the [IPR] request; (2) the timing of the request for stay; (3) the status of [IPR] proceedings; and (4) the relationship of the parties. *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *16-17; *GoPro*, 2017 WL 2591268, *4. (citation omitted). The litigation is still in the early stages, and discovery has not closed. This is clearly not a case where the IPR was sought on the eve of trial at a critical juncture in the case. Denying the stay could result in substantial expense and wasted resources if the USPTO and the Court were to issue inconsistent rulings. *Medicis*, 486 F. Supp. 2d at 994-95; *See Bausch Lomb Inc. v. Alcon Labs., Inc.*, 914 F.Supp. 951, 952-53 (W.D.N.Y. 1996) (because courts and the [US]PTO apply different standards and can consider different evidence, courts' findings on patent validity are not binding on [US]PTO and vice versa). Moreover, there is no showing of dilatory motive or tactics by Fusion in requesting the IPR. *Medicis*, 486 F. Supp. 2d at 994-95. Extremity will not be prejudiced by granting Fusion's request for a stay. Should the stay lapse, Extremity will be able to continue litigating its claims against Fusion. Fusion will still need to present a defense to Extremity's claims if the stay lapses. Fusion acted with diligence by filing the IPR and seeking a stay in the early stages of discovery and before expert reports and summary judgment motions. *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *16-17. And even though the IPR has not yet been instituted, the case law in this District supports a stay for the reasons stated above. Granting Fusion's motion to stay potentially avoids needlessly increasing litigation costs, while also avoiding prejudice to Extremity.

**D.    Conclusion**

WHEREFORE, for the foregoing reasons Fusion moves this Court for an order staying the litigation pending resolution of the *Inter Parties Review* of the '166 Patent at issue in this case.


DATED this 3rd day of August, 2023.

By: */s/ Corby R. Vowell*

7

Corby R. Vowell (*pro hac vice*)
VOWELL LAW, PLLC
603 Walnut Hollow Dr,
Mansfield, TX 76063
Phone: (817) 313-9548
corby@vowelllawfirm.com

Samuel Rocereta (Bar No. 035983)
ROCERETA LAW GROUP, PLLC
4135 S. Power Road, Suite 118
Mesa, AZ 85212
sam@fusionorthopedics.com

Ross G. Culpepper (*pro hac vice*)
ALLIANCE IP, LLC
7211 La Vista Dr.
Dallas, TX 75214
Phone: (469) 917-7693
ross@allianceip.com

*Attorneys for Defendant*
*Fusion Orthopedics, LLC*

## CERTIFICATE OF CONFERENCE

I hereby certify that, on August 1, 2023, counsel for Defendant sought to confirm by email with counsel for Plaintiff whether Plaintiff is opposed to this motion. Counsel for Defendant followed up with Plaintiff's counsel by telephone on August 2, 2023. Counsel for Plaintiff has not yet indicated whether or not Plaintiff is opposed or unopposed to this Motion, only that Plaintiff's counsel was unavailable to respond to Defendant's counsel until August 4, 2023, and even then only to meet and confer before getting a final response from its client. Thus, as of the filing of this Motion, Plaintiff has not yet confirmed whether it is opposed or unopposed to this Motion.

By:  /s/*Corby R. Vowell*

Corby R. Vowell

## CERTIFICATE OF SERVICE

8

1    I hereby certify that, on August 3, 2023, all counsel of record in this case are being

2    served with a copy of the foregoing via e-mail.

3

4                                            By:  /s/*Corby R. Vowell*

5                                                 Corby R. Vowell

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28