**KELLEY DRYE & WARREN LLP**
Michael J. Zinna (admitted *pro hac vice*)
mzinna@kelleydrye.com
David Lindenbaum (admitted *pro hac vice*)
dlindenbaum@kelleydrye.com
One Jefferson Road
Parsippany, NJ 07054
Telephone: (973) 503-5964

**LANG & KLAIN, P.C.**
6730 N. SCOTTSDALE RD., SUITE 101
SCOTTSDALE, ARIZONA 85253
TELEPHONE (480) 534-4900
*Please e-serve filings on:*
*Filing@lang-klain.com*

WILLIAM G. KLAIN, #015851
wklain@lang-klain.com *(not for e-service)*

*Attorneys for Plaintiff Extremity Medical, LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Extremity Medical, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>Fusion Orthopedics, LLC,<br><br>  Defendant. | Case No.: 2:22-cv-00723-PHX-GMS<br><br>**PLAINTIFF EXTREMITY MEDICAL, LLC'S MOTION FOR SANCTIONS AGAINST FUSION ORTHOPEDICS, LLC** |

Pursuant to the Court's September 6, 2023 Order (ECF 82) and Fed. R. Civ. P. 37(a)(5)(A), Plaintiff Extremity Medical, LLC ("Extremity Medical") respectfully moves the Court for an Order: (1) compelling Defendant Fusion Orthopedics, LLC ("Fusion") to make a complete production of documents relating to the design of Fusion's IntraLock System, and (2) imposing sanctions on Fusion for refusing to produce the requested discovery, including Extremity Medical's attorneys' fees related to this discovery dispute and bringing this Motion.

**I.   BACKGROUND**

Extremity Medical asserts that Fusion's IntraLock System infringes the patent-in-suit. *See, e.g.,* ECF 1 at 1.  On December 16, 2022, Extremity Medical served on Fusion a document request ("Document Request No. 1") seeking "[a]ll documents and things relating to the design, structure, or manufacture of the Accused Products."  *See* Exhibit 1 at 5.  This would logically include earlier versions of the Accused Product that were considered during the design phase. The term "Accused Products" was defined by Extremity Medical as including Fusion's Intralock System:

> The term "Accused Product(s)" means any product Fusion makes, uses, offers to sell, or sells within the United States, or imports into the United States, that Extremity Medical contends infringes, or is used to infringe, directly or indirectly, any claim of the '166 Patent, <u>including without limitation Fusion's Intralock System</u>.

*Id.* at 2 (emphasis added).

In response to Document Request No. 1, Fusion asserted objections based on privilege and relevance generally, but otherwise agreed to produce responsive documents:

> Fusion objects to this Request to the extent it purports to require the production of information and documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, exemption, law, or rule. Fusion objects to this Request to the extent that it purports to require the production of information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to foregoing objections and the above-listed general objections and without waiving same, Fusion will produce any responsive, non-privileged documents to the extent that such documents exist and are in Fusion's possession, custody, or control.

Exhibit 2 at 4.  Fusion produced some documents in response to Extremity Medical's document requests between July 18, 2023 and July 26, 2023, with the exception of financial data ordered to be produced by the Court on August 9, 2023 (see ECF 78).  The only documents produced by Fusion concerning the design of the IntraLock System are documents depicting the system as having three components, but Extremity has come to learn that those are not the only IntraLock System design documents in Fusion's possession, custody or control.

On July 7, 2023, Extremity Medical served a subpoena on a third-party individual, Christian Pedersen, who has worked with Fusion.[1]  In response to the subpoena, Mr. Pedersen produced documents depicting the IntraLock System that were not produced by Fusion.  *See* Exhibit 3 ("Pedersen Documents").  The top of each of these documents bears both Fusion's corporate logo and the name "IntraLock System" or "IntraLock".  *See id.*  As seen particularly on the first page of Exhibit 3, the design of the "IntraLock System" was, at one point, a two-component structure. Fusion has not disputed that the Pedersen Documents originated from Fusion and, in fact, Fusion asserts that they disclose Fusion's confidential information.  *See* Stipulation to Seal submitted herewith.

On August 15, 2023, Extremity Medical forwarded the Pedersen Documents to Fusion and identified the two-component design depicted therein (referenced in the email as documents CP000093-97).  *See* Exhibit 4 at 2.  Extremity Medical asked Fusion to confirm by August 17, 2023 whether it would produce those documents and any other documents relating to the design of the IntraLock System in response to Document Request No. 1, including a two-component design, or confirm that Fusion does not possess any such documents.  *Id.*

On August 25, 2023, the deadline for written discovery, Fusion objected to producing the requested documents because "no documents related to *prior Fusion products* that are a two part construct are relevant to the case."  *Id* at 1 (emphasis added).  Extremity Medical sought

---

[1] Extremity Medical has not yet deposed Mr. Pedersen so the full extent of his involvement with Fusion has not yet been ascertained.

assistance from the Court. Pursuant to Extremity Medical's request, the Court held a discovery dispute conference on September 6, 2023. During the conference, Fusion's counsel was asked by the Court why drawings labeled as the "IntraLock System"—the Accused Product—were withheld. Fusion's counsel referred again to the distinction between the current three-component version of the Accused Product and the two-component version depicted in the Pedersen Documents, but could not deny what is clear from those documents—that the labeling of the drawings therein as the "IntraLock System" evidence those drawings depict earlier versions of the Accused Product. At this point in the conference, the Court suggested to Extremity Medical that it might consider filing a motion for sanctions. Ultimately, the Court issued an Order that Extremity Medical could file such a motion, and that it may argue "that 'earlier versions of the accused product,' clearly include design of the 2-component structures not provided by Fusion." ECF 82. Pursuant to that Order, Extremity Medical respectfully submits this Motion.

## II.     ARGUMENT

Rule 37(a)(5)(A) provides that if a motion for an order compelling discovery is granted, or if the requested discovery is provided after the motion is filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A); *Cosgrove v. Nat'l Fire & Marine Ins. Co.*, No. 2:14-cv-2229-HRH, 2016 U.S. Dist. LEXIS 155508, at *2 (D. Ariz. Nov. 8, 2016). However, the court "must not order this payment if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

In addition to the sanctions authorized by Rule 37(a)(5)(A), the Court's "inherent power to sanction bad faith conduct is broad and 'extends to a full range of litigation abuses.'" *Stanley*

*v. Mason*, No. 22-60014, 2022 U.S. App. LEXIS 35409, at *3 (9th Cir. Dec. 22, 2022) (citation omitted). "The Supreme Court has found 'bad faith' conduct to include a wide range of willful improper conduct, such as delaying or disrupting litigation, willful abuse of the judicial processes, and hampering with enforcement of a court order." *Id.* When a court imposes sanctions based on bad faith, "the court must make an explicit finding that the sanctioned party's conduct 'constituted or was tantamount to bad faith.'" *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021) (citation omitted).

There can be no dispute that the designs in the Pedersen Documents are labeled as the "IntraLock System" and therefore depict designs for the Accused Product. Accordingly, they are responsive to Extremity Medical's request for documents relating to the design of the IntraLock System. The fact that the current IntraLock System is a three-component design does not change the fact that documents related to an earlier design of the IntraLock System are still documents "relating to the design, structure, or manufacture of the Accused Products" and should have been produced. Fusion refusal to provide such documents therefore was not substantially justified, and in fact, it could not provide a substantial justification to the Court when asked to do so during the discovery conference.

Even if Fusion could now assert a credible argument for why documents relating to the two-component design of the IntraLock System are not relevant, Fusion's response to Extremity Medical's Document Request No. 1 merely includes a boilerplate objection based on relevance, and does not specifically object to producing documents relating to earlier designs of the IntraLock System as irrelevant, or on any other grounds. For that reason alone, Fusion should be ordered to produce the requested discovery and sanctioned for withholding it. *See, e.g.,* Committee Notes 2015 Amendment to Fed. R. Civ. P. 34 ("Rule 34(b)(2)(B) is amended to require that objections to Rule 34 requests be stated with specificity…. The specificity of the objection ties to the new provision in Rule 34(b)(2)(C) directing that an objection must state

whether any responsive materials are being withheld on the basis of that objection."). A pointed objection to producing these documents cannot be credibly made, and it is too late to do so now.

Also, once Extremity Medical received the Pedersen Documents and discovered that documents concerning the design of the IntraLock System are likely in Fusion's possession but were withheld from production, Extremity Medical sought to obtain the documents without court action by identifying the Pedersen Documents as examples of documents Fusion should have produced. Despite having no valid ground on which to withhold documents relating to the design of the IntraLock System, Fusion refused to provide the requested discovery. Such bad faith litigation conduct warrants the imposition of sanctions against Fusion.

### III. CONCLUSION

For at least the reasons set forth above, Extremity Medical respectfully requests an Order: (1) compelling Fusion to produce all documents relating to the design of the IntraLock System, including the two-component design, and (2) imposing sanctions deemed appropriate by the Court, including Extremity Medical's attorneys' fees for bringing this Motion.

DATED: September 8, 2023

By   /s/ Michael J. Zinna

**KELLEY DRYE & WARREN LLP**
Michael J. Zinna (admitted *pro hac vice*)
mzinna@kelleydrye.com
David Lindenbaum (admitted *pro hac vice*)
dlindenbaum@kelleydrye.com
One Jefferson Road
Parsippany, NJ 07054
Telephone: (973) 503-5964

**LANG & KLAIN, P.C.**
6730 N. SCOTTSDALE RD., SUITE 101
SCOTTSDALE, ARIZONA 85253
TELEPHONE (480) 534-4900
*Please e-serve filings on:*
*Filing@lang-klain.com*

WILLIAM G. KLAIN, #015851
wklain@lang-klain.com *(not for e-service)*

*Attorneys for Plaintiff Extremity Medical, LLC*

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true and correct copy of the foregoing document was served on counsel for Defendant by electronic mail.

Dated: September 8, 2023

By   /s/ David Lindenbaum

**KELLEY DRYE & WARREN LLP**
David Lindenbaum (admitted *pro hac vice*)

*Attorneys for Plaintiff Extremity Medical, LLC*