Samuel Rocereta (Bar No. 035983)
ROCERETA LAW GROUP, PLLC
4135 S. Power Road, Suite 118
Mesa, AZ 85212
Phone: (602) 388-1629
sam@fusionorthopedics.com

Corby R. Vowell (*pro hac vice*)
VOWELL LAW, PLLC
603 Walnut Hollow Dr,
Mansfield, TX 76063
Phone: (817) 313-9548
corby@vowelllawfirm.com

Ross G. Culpepper (*pro hac vice*)
ALLIANCE IP, LLC
7211 La Vista Dr.
Dallas, TX 75214
Phone: (469) 917-7693
ross@allianceip.com

*Attorneys for Defendant/Counter-Plaintiff*
*Fusion Orthopedics, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Extremity Medical, LLC, | No. 2:22-CV-00723-PHX-GMS |
| Plaintiff | **DEFENDANT FUSION ORTHOPEDICS, LLC'S RENEWED MOTION TO STAY** |
| v. | |
| Fusion Orthopedics, LLC, | |
| Defendant | |

Defendant, Fusion Orthopedics, LLC ("Fusion"), through undersigned counsel, hereby files this Renewed Motion to Stay the litigation pending the resolution of the *Inter Parties Review* of United States Patent number 11,298,166 (the "'166 Patent") that was instituted on November 17, 2023.

1

# MEMORANDUM AND POINTS OF AUTHORITY

## I. BACKGROUND

Fusion files this Renewed Motion to Stay now that the Patent Trial and Appeal Board ("PTAB") has instituted the *Inter Partes Review* of all asserted claims of the '166 Patent. See Exh. A[1], IPR2023-00894, Institution Decision. Fusion previously filed a Motion to Stay on August 3, 2023 (Dkt. 77), prior to the institution decision. The circumstances at that time, the current stage of the case, and case law precedent in this District weighed in favor of a stay. Now that the IPR has been instituted and the PTAB has found that all claims of the '166 Patent are likely invalid, this litigation and all current deadlines should be stayed pending the outcome of the IPR.

Extremity has no basis to oppose this Motion. All of the relevant factors weigh heavily in favor of a stay. The case is still in the expert report stage and has not reached dispositive motions. More importantly, no trial date has been set. Given that the PTAB instituted on all grounds in the IPR Petition, it is highly likely that the issues in the litigation will be simplified, primarily issues related to the validity of the asserted claims. Finally, there is no prejudice to Plaintiff Extremity Medical, LLC ("Extremity Medical" or "Extremity"). In another patent infringement case brought by Extremity Medical on a patent in the same family, the PTAB recently held the sole asserted claim of that patent invalid in a final written decision. Extremity had stipulated to a stay in that case and should do so here.

Fusion contends that Extremity filed this lawsuit in bad faith knowing that this patent was invalid. Fusion anticipates that the PTAB will find all asserted claims of the '166 patent invalid just as it did with Extremity's prior patent in the same patent family. Accordingly, the Court should stay this case now and allow the PTAB to determine whether any of the asserted claims are valid in light of the prior art cited in IPR2023-00894.

---

[1] All Exhibits are attached to the Declaration of Corby R. Vowell.

## II. LEGAL ARGUMENT

In 2011, Congress enacted the Leahy-Smith America Invents Act, which replaced the former *inter partes* reexamination proceeding with the IPR process. *Parsons Xtreme Golf LLC v. Taylor Made Golf Co.*, No. CV-17-03125-PHX-DWL, 2018 U.S. Dist. LEXIS 202071, at *3-4 (D. Ariz. Nov. 29, 2018). *See* 35 U.S.C. §§ 311-319; *see generally Oil States Energy Servs., LLC v. Greene's Energy Group, LLC*, 138 S. Ct. 1365, 1370-71 (2018); *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2137 (2016). To institute IPR of a patent, a party other than the patent owner files a petition with the [USPTO]. *See* 35 U.S.C. § 311(a). In an IPR, a petitioner "can request cancellation of '1 or more claims of a patent' on the grounds that the claim fails the novelty or nonobviousness standards for patentability. The challenges must be made 'only on the basis of prior art consisting of patents or printed publications.'" *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *3-4. In the present case, Fusion's IPR is based several of the prior art references cited by Fusion in its Invalidity Contentions and not previously addressed by the patent examiner during the original prosecution of the '166 Patent.

"A court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. In deciding how best to exercise this inherent power, the court must weigh competing interests and maintain an even balance." *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *9 (*quoting Drink Tanks Corp. v. GrowlerWerks, Inc.*, 2016 U.S. Dist. LEXIS 91964, *4 (D. Or. July 152016) (citation and internal quotation marks omitted)). "With regard to deciding whether to stay litigation pending IPR, courts generally consider the following three factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *9. *(quoting Drink Tanks*, 2016 U.S. Dist. LEXIS 91964, at * 4 (citation omitted)). Courts generally apply a liberal policy in favor of granting motions to stay proceedings

pending the outcome of IPR proceedings. *Id.*, *Medicis Pharmaceutical Corp. v. Upsher-Smith Laboratories, Inc.*, 486 F. Supp. 2d 990, 993 (D. Ariz. 2006) (citations omitted) ("Indeed, district courts within this Circuit have noted that 'there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination . . . proceedings.'"). Here, all three factors weigh heavily in favor of granting Fusion's request for a stay, especially now that the PTAB has instituted IPR2023-00894.

### A.    Stage of Litigation

The litigation has advanced somewhat since Fusion filed its original Motion to Stay, yet is still early enough in the case that district courts will typically initiate a stay, especially where an IPR has been instituted. At the time of the original Motion, the parties were still in discovery and had not served expert reports. See Dkt. 49, at p. 3. At the time of this filing, discovery is now closed and the parties are in the process of exchanging expert reports. However, expert discovery must still be conducted, dispositive motions are yet to be filed, and the Court has still not set a trial date. See Dkt. 84, at p. 2. These remaining tasks are significant and require a significant amount of time and effort, both by the parties and the Court.

This stage of this litigation weighs in favor of granting a stay. *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *10; *Drink Tanks*, 2016 U.S. Dist. LEXIS 91964, at *8-9. Courts in this district have found a stay pending the resolution of an *Inter Parties Review* is generally warranted under such circumstances. *See VPR Brands LP, v. Jupiter Research LLC, CV-20-02185-PHX-DJH,* 2022 U.S. Dist. LEXIS, at *6-7, 15 (D. Ariz. May 5, 2022). "Generally, the time of the motion is the relevant time to measure the stage of litigation." *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *11 (*quoting VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 (Fed. Cir. 2014). Given the current stage of the case and the timing of Fusion's original Motion to Stay, it is clear that Fusion's request for a stay is not an eleventh-hour attempt to thwart a trial or some other important proceeding. *Caron v. Quickutz, Inc.*, No. CV-09-02600-PHX-NVW, 2010 U.S. Dist. LEXIS 137786 * 2-3 (D. Ariz. Dec. 16, 2010).

The decision in the *Parsons* case in this District is particularly instructive here as the stay was granted at a similar stage of the case after institution of IPRs with respect to several of the asserted claims. " *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *8. There, the court stayed the case at a time where the parties had completed much of discovery including several depositions and had completed claim construction briefing. *Id.*, at *8-9. Crucial to the court's analysis was the fact that summary judgment motions and *Daubert* motions had not been filed, little expert discovery had taken place, and, importantly, no trial date had been set. *Id.*, at * 10-11.

Further, in another case in this Circuit, the district court found that, even where fact discovery was complete, this factor weighed in favor of a stay because "a substantial portion of the work—expert discovery, summary judgment, pre-trial preparation, and trial itself—lies ahead." *Huawei Techs., Co. v. Samsung Elecs. Co.*, 2018 U.S. Dist. LEXIS 50927, at *12 (N.D. Cal. March 26, 2018). *See also Contour IP Holding, LLC v. GoPro, Inc.*, 2018 U.S. Dist. LEXIS 209837, at * 7 (N.D. Cal. December 12, 2018) ("Although claim construction is complete and some substantial discovery has already occurred, several costlier stages of pretrial preparation remain, not to mention the trial itself.").

Given the stage of the case, the amount of effort and time for the parties and the Court to complete the remaining portions of the schedule, and the fact that the IPR has now been instituted, this factors weights heavily in favor of a stay.

**B.      Simplification of Issues in Question**

Now that the IPR has been instituted, it is almost certain that the validity issues in the case will be simplified. First, as stated above, the PTAB instituted IPR2023-00894 as to all grounds cited in the Petition and as to all claims of the '166 patent (claims 1-15). Exh. A, at p. 2.  This means that there is a high likelihood that one or more of the asserted claims will ultimately be held invalid and thus will be removed from assertion in the litigation. Further, because of the estoppel effect set forth in the statute, even if all of the claims were held valid by the PTAB, the validity issues would still be significantly simplified.

5

Courts have held that staying the proceedings will simplify the issues and focus the issues in the case. *Drink Tanks*, 2016 U.S. Dist. LEXIS 91964, at *10. Staying the case pending the outcome of IPR proceedings "could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *13 (*quoting Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, 2015 U.S. Dist. LEXIS 15496, *11 (N.D. Cal. February 9, 2015) (citation omitted)); *see also Evolutionary Intelligence LLC v. Yelp Inc.*, 2013 U.S Dist. LEXIS 178547, *16 (N.D. Cal. 2013) ("[I]f the PTAB cancels all of the asserted claims of the Asserted Patents, this action will be rendered moot. Should the PTAB cancel or narrow any of the asserted claims of the Asserted Patents, the scope of this litigation may be significantly simplified.").

Numerous courts have determined that the validity issues in a patent litigation are highly likely to be simplified through an IPR once the IPR has been instituted. See *Huawei Techs.*, 2018 U.S. Dist. LEXIS 50927, at *13 (finding that staying the infringement claims "will simplify the case, especially considering PTAB has initiated review on all of the asserted claims …"); *Uniloc 2017 LLC v. HTC Am., Inc.*, 2020 U.S. Dist. LEXIS 238814, at *5 (W.D. Was. December 18, 2020); *Garmin Switz. GMBH v. FLIR Sys.*, 2017 U.S. Dist. LEXIS 207435, at *18-19 (D. Or. December 18, 2017); *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *13-14.

See also *FastVDO LLC v. AT&T Mobility LLC*, 2017 U.S. Dist. LEXIS 83639, at *22-23 (S.D. Cal. January 23, 2017). There, the district court noted that the argument for a stay is stronger after institution of the IPR and, especially when instituted as to all asserted claims, as is the case here. *Id.*

Even if all of the asserted claims survive the IPR, the validity issues in this case will be simplified based on the estoppel portion of the statute. The court in the *Parsons* case noted that "for any [asserted] claims that survive a written decision by the PTO, [defendant] will be estopped from arguing in this litigation 'that the claim is invalid on any ground that

[defendant] raised or reasonably could have raised during that inter partes review.'". *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *15; See also 35 U.S.C. § 315(e)(2).

The court in *Parsons* went on to state that "one way or another, a stay in this case will simplify the issues for the Court." *Id.*

### C. Undue Prejudice or Clear Tactical Disadvantage

Finally, granting Fusion's Renewed Motion to Stay will not unduly prejudice Extremity nor does it present a clear tactical disadvantage to Extremity. *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *16. "Delay alone does not usually constitute undue prejudice; nevertheless, courts should consider "evidence of dilatory motives or tactics" on the part of the party seeking review. *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *16 (*quoting GoPro, Inc. v. C&A Mktg., Inc.*, 2017 U.S. Dist. LEXIS 92480, *12 (N.D. Cal. June 15, 2017) (citation omitted)). Courts consider four sub-factors that are relevant to the prejudice analysis: (1) the timing of the [IPR] request; (2) the timing of the request for stay; (3) the status of [IPR] proceedings; and (4) the relationship of the parties. *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *16-17; *GoPro*, 2017 U.S. Dist. LEXIS 92480, *12. (citation omitted). The litigation has progressed since Fusion's first Motion to Stay. At that time, discovery had not closed and expert reports had not yet been served. The parties are currently in the middle of exchanging expert reports  However, this is clearly not a case where the IPR was sought on the eve of trial at a critical juncture in the case. Denying the stay could result in substantial expense and wasted resources if the USPTO and the Court were to issue inconsistent rulings. *Medicis*, 486 F. Supp. 2d at 994-95; *See Bausch Lomb Inc. v. Alcon Labs., Inc.*, 914 F.Supp. 951, 952-53 (W.D.N.Y. 1996) (because courts and the [US]PTO apply different standards and can consider different evidence, courts' findings on patent validity are not binding on [US]PTO and vice versa). Moreover, there is no showing of dilatory motive or tactics by Fusion in requesting the IPR. *Medicis*, 486 F. Supp. 2d at 994-95.

Extremity will not be prejudiced by granting Fusion's request for a stay. Should any of the asserted claims survive the IPR process, Extremity will be able to continue

7

litigating its claims against Fusion. Fusion acted with diligence by filing the IPR and seeking a stay in the early stages of discovery and before expert reports and summary judgment motions. *Parsons*, 2018 U.S. Dist. LEXIS 202071, at *16-17. And now that the IPR has been instituted, the case law in this District and in this Circuit supports a stay for the reasons stated above. Granting Fusion's motion to stay avoids needlessly increasing litigation costs, while also avoiding prejudice to Extremity.

### D. Another Extremity Patent in this Patent Family Held Invalid in IPR

It is also important for the Court to understand the significance of a prior patent infringement case that Extremity filed asserting another patent in this same family against other companies. Nextremity Solutions, Inc., Zimmer Biomet Holdings, Inc,.and Zimmer, Inc. Exh. B, at ¶¶ 1-3. An IPR was filed by the defendants in that case (IPR2022-00802), which resulted in the single asserted patent claim from the litigation being held invalid by the PTAB in a final written decision on July 26, 2023. Exh C., at ¶ 1. In that case, Extremity Medical asserted an earlier patent in the same family, U.S. Patent No. 8,303,589 (" the '589" patent"), which is one of the parent applications of the '166 patent asserted in this case and to which the '166 patent claims priority. *Id*., and Dkt. 1-2, at p. 2.

The PTAB instituted IPR2022-00802 on August 16, 2022. Extremity Medical **stipulated** to a stay of that litigation pending the PTAB's final written decision on the IPR. In doing so, Extremity acknowledged that the IPR was likely to simplify the issues in the case by determining the validity of the only asserted claim. Exh. B, at ¶ 6. Extremity also stipulated that it would not be prejudiced or disadvantaged by staying the litigation. Exh. B, at ¶ 9. Extremity cannot now contend otherwise in this situation. And while the case was at an earlier stage of the litigation than here, that case also did not have a trial date set. The district court in that case agreed and stayed the litigation pending the resolution of the IPR.

Most importantly, the outcome of that IPR is instructive here. The PTAB issued a final written decision in IPR2022-00802 on July 26, 2023 holding the only asserted claim of the '589 patent invalid. Exh. C, at ¶¶ 1-3. The IPR not only simplified the case – it

completely disposed of it. Extremity Medical elected not to appeal the PTAB's decision although it had the right to do so. Exh. C, at ¶¶ 1-2. Instead, Extremity Medical and the defendants in that case agreed to a dismissal with prejudice of Extremity's infringement claims. Id., at ¶ 4. The defendants in that case are now seeking attorney's fees and costs for Extremity Medical filing a frivolous patent infringement lawsuit based on invalid patent claims. Exh. D. That is exactly the case here. Fusion fully expects to have the same result from IPR2023-00894 whereby the PTAB holds all asserted claims of the '166 patent invalid. The Court should note that the same attorneys representing Extremity Medical in the "frivolous" lawsuit by Extremity in that case are the same law firm and outside counsel representing Extremity Medical in this litigation.

### III. Conclusion

WHEREFORE, for the foregoing reasons Fusion moves this Court for an order staying the litigation pending resolution of the *Inter Parties Review* IPR2023-00894 of the '166 patent that was instituted on November 17, 2023.

DATED this 29th day of November, 2023.

By: */s/ Corby R. Vowell*
Corby R. Vowell (*pro hac vice*)
VOWELL LAW, PLLC
603 Walnut Hollow Dr,
Mansfield, TX 76063
Phone: (817) 313-9548
corby@vowelllawfirm.com

Samuel Rocereta (Bar No. 035983)
ROCERETA LAW GROUP, PLLC
4135 S. Power Road, Suite 118
Mesa, AZ 85212
sam@fusionorthopedics.com

Ross G. Culpepper (*pro hac vice*)
ALLIANCE IP, LLC
7211 La Vista Dr.
Dallas, TX 75214
Phone: (469) 917-7693
ross@allianceip.com

*Attorneys for Defendant*
*Fusion Orthopedics, LLC*

### CERTIFICATE OF CONFERENCE

I, Corby R. Vowell, hereby certify that I contacted counsel for Plaintiff Extremity Medical, LLC ("Extremity") on November 17, 2023 informing them of Fusion Orthopedics, LLC's intent to file this Renewed Motion to Stay the Litigation. I contacted counsel for Extremity several times between that date and today. Extremity has not yet indicated whether or not it is opposed to this Motion despite repeated requests.

/s/ Corby R. Vowell
Corby R. Vowell

### CERTIFICATE OF SERVICE

I, Corby R. Vowell, hereby certify that on November 29, 2023 I served the foregoing document on all counsel of record via the Court's electronic filing system.

/s/ Corby R. Vowell
Corby R. Vowell