WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Extremity Medical LLC,<br><br>Plaintiff,<br><br>v.<br><br>Fusion Orthopedics LLC,<br><br>Defendant. | No. CV-22-00723-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Fusion Orthopedics, LLC's Motion to Stay (Doc. 77) and Defendant Fusion Orthopedics, LLC's Renewed Motion to Stay (Doc. 99). For the reasons below, the Motion to Stay is granted and Defendant's Renewed Motion to Stay is declared moot.

## BACKGROUND

On April 28, 2022, Extremity Medical, LLC ("Plaintiff") filed its complaint against Fusion Orthopedics, LLC ("Defendant") for patent infringement of U.S. Patent No. 11,298,166 ("the '166 Patent"). (Doc. 1). The '166 Patent is for a medical device: a bone fusion assembly used for treating damaged or fractured human bones. (Doc. 1 at 3). On March 17, 2023, the parties filed a Joint Claim Construction and Prehearing Statement. (Doc. 59). A *Markman* hearing was held on June 22, 2023, and the claims were construed by the Court on July 7, 2023. (Docs. 72, 73). In between the filing of the claim construction statement and the *Markman* hearing, Defendant filed for an *Inter Partes Review* ("IPR") of

the '166 Patent with the United States Patent and Trademark Office ("USPTO").

On August 3, 2023, Defendants filed a Motion to Stay on the grounds that the USPTO might take up the IPR. (Doc. 77). On November 17, 2023, the USPTO instituted an IPR regarding the '166 Patent. (Doc. 99 at 1). On November 29, 2023, Defendant renewed its motion to stay on grounds that the IPR had been instituted. (Doc. 99). On December 6, Plaintiff filed its Response in which it indicated it "does not oppose a stay . . . ." (Doc. 101 at 4).

## DISCUSSION

### I. Legal Standard

IPR proceedings are governed by the Leahy-Smith America Invests Act, passed by Congress in 2011. *See* 35 U.S.C. §§ 311–19; *Parsons Xtreme Golf LLC v. Taylor Made Golf Co.*, No. CV-17-03125-PHX-DWL, 2018 WL 6242280, at *2 (D. Ariz. Nov. 29, 2018). In an IPR, a party can "request cancellation of '1 or more claims of a patent . . . .'" *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, S. Ct. 1365, 1371 (2018). "A court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. In deciding how best to exercise this inherent power, the court must weigh competing interests and maintain an even balance." *Parsons Xtreme Golf LLC*, 2018 WL 6242280, at *3 (*quoting Drink Tanks Corp. v. GrowlerWerks, Inc.*, No. 3:16-cv-410-SI, 2016 WL 3844209, at *2 (D. Or. July 15, 2016)).

Courts generally consider three factors when granting or denying a stay pending an IPR: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Id.* (*quoting Drink Tanks Corp*, 2016 WL 3844209, at *2). This is a totality of the circumstances analysis guided by a "liberal policy" in favor of granting a stay. *Id.*; *see also Medicis Pharm. Corp. v. Upsher-Smith Lab'ys, Inc.*, 486 F. Supp. 2d 990, 993 (D. Ariz. 2007).

## II. Analysis

After considering the following three factors, the Defendant's Motion to Stay (Doc. 77) is granted.

### A. Stage of Litigation

When considering the stage of litigation, Courts look to whether discovery is complete and trial date has been set. *Parsons Xtreme Golf LLC*, 2018 WL 6242280, at *4; *Drink Tanks Co.*, 2016 WL 3844209, at *2. "Generally, the time of the motion is the relevant time to measure the stage of litigation." *Parsons Xtreme Golf LLC*, 2018 WL 6242280, at*4 (*quoting VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F. 3d 1307, 1317 (Fed. Cir. 2014)).

This factor weighs in favor of a stay. There are aspects on this case's posture that discourage a stay: a *Markman* hearing has been completed (Docs. 72, 73) and Defendant did not file its petition for an IPR until the final day of its statutory right to file (Doc. 79 at 17). On the other hand, pursuant to requests from both parties, the discovery deadline in this matter has been extended multiple times and currently does not expire until December 22, 2023. (Docs. 75, 84). Furthermore, no trial date has been set. Defendant filed its Motion to Stay on August 3, 2023, meaning discovery will not be complete until at least four months after it first requested a stay. Indeed, the matter is still in the expert report stage and no dispositive motions have been filed. (Doc. 99 at 2). Considering the liberal policy in favor of granting a stay, this factor weighs in favor of a stay. Should this case resume, the Court can reopen discovery for only a limited period to reflect the advanced stage of discovery at which this case was stayed.

### B. Simplification of Issues

This factor weighs heavily in favor of a stay. The issue in this matter is a single patent: the '166 Patent. The IPR is reviewing the validity of the patent at the center of all the claims in this matter. Thus, the resolution of the IPR has a high chance of simplifying some, if not all, of the issues currently before this Court. *See Parsons Xtreme Golf LLC*, 2018 WL 6242280, at *5 ("[S]taying the case pending the outcome of IPR proceedings

'could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims.'") (*quoting Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-cv-01012-SI, 2015 WL 545534, at *3 (N.D. Cal. Feb. 9, 2015). As such, the simplification of issues factor weighs heavily in favor of a stay.

### C. Undue Prejudice to Extremity

The final factor is whether a stay would be unduly prejudicial or "present a clear tactical disadvantage" to the non-movant. *Drink Tanks Co.*, 2016 WL 3844209, at *5. While delay alone does not create undue prejudice, courts should be skeptical of tactics designed to slow a pending matter. *See Parsons Xtreme Golf LLC*, 2018 WL 6242280, at *6 (listing certain sub-factors for the prejudice factor as "(1) the timing of the [IPR] request; (2) the timing of the request for stay; (3) the status of [IPR] proceedings; and (4) the relationship of the parties") (*quoting GoPro, Inc. v. C&A Mktg., Inc.*, 20174 WL 2591268, at *4 (N.D. Cal. 2017)). Where parties are competitors, undue prejudice resulting from a stay can be shown where money damages and later injunctive relief would be insufficient to make the non-movant whole. *See id.*

Extremity would not experience undue prejudice from a stay. While Defendant made IPR request on the last day it could, it made its first request for a stay months before the USPTO accepted an IPR proceeding. (Docs. 77, 99). Additionally, Defendant renewed its motion for stay—and in so doing updated this Court as to the status of the IPR proceedings—only 12 days after the USPTO accepted Defendant's request for a proceeding. (Doc. 99); *see Parsons Xtreme Golf LLC*, 2018 WL 6242280, at *6 (finding this factor favored a stay where the movant requested a stay within two months of the USPTO's institution of IPR proceedings). Finally, there is no indication that money damages would be insufficient should Extremity ultimately prove successful. Accordingly, this factor also weighs in favor of a stay.

### CONCLUSION

Based on the foregoing factors, a stay is appropriate in this case.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Fusion Orthopedics, LLC's Motion to Stay (Doc. 77) is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to term the Defendant's Renewed Motion to Stay (Doc. 99) as moot.

Dated this 12th day of December, 2023.

_____
G. Murray Snow
Chief United States District Judge