| | |
|---|---|
| **KELLEY DRYE & WARREN LLP**<br>Michael J. Zinna (admitted *pro hac vice*)<br>mzinna@kelleydrye.com<br>Vincent M. Ferraro (admitted *pro hac vice*)<br>vferraro@kelleydrye.com<br>One Jefferson Road<br>Parsippany, NJ 07054<br>Telephone: (973) 503-5964<br><br>**FENNEMORE CRAIG**<br>William G. Klain (State Bar No. 015851)<br>wklain@fennemorelaw.com<br>2394 E. Camelback Road, Suite 600<br>Phoenix, AZ 85018<br>Telephone: (602) 916-5038<br><br>*Attorneys for Plaintiff Extremity Medical, LLC* | **ROCERETA LAW, LLC**<br>Samuel Rocereta (State Bar No. 035983)<br>sam@fusionorthopedics.com<br>PO Box 826<br>Queen Creek, AZ 85142<br>Telephone: (602) 757-3360<br><br>**VOWELL LAW, PLLC**<br>Corby R. Vowell (admitted *pro hac vice*)<br>corby@vowelllawfirm.com<br>8350 N. Central Expressway, Suite 1900<br>Dallas, TX 75206<br>Telephone: (817) 313-9548<br><br>**ALLIANCE IP, LLC**<br>Ross G. Culpepper (admitted *pro hac vice*)<br>ross@allianceip.com<br>7211 La Vista Drive<br>Dallas, TX 75214<br>Telephone: (469) 917-7693<br><br>*Attorneys for Defendant*<br>*Fusion Orthopedics, LLC* |

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Extremity Medical, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>Fusion Orthopedics, LLC,<br><br>        Defendant. | Case No.: 2:22-cv-00723-PHX-GMS<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's December 11, 2024 Order (Doc. 115) and December 17, 2024 Order (Doc. 117), Extremity Medical, LLC ("Extremity") and Fusion Orthopedics, LLC ("Fusion") hereby submit this Joint Status Report to provide the Court an update on the status of the proceedings before the U.S. Patent and Trademark Office ("USPTO") concerning U.S. Patent No. 11,298,166 ("the '166 Patent"), the patent at issue in this case.

**Plaintiff's Position:**

As mentioned in the parties' December 16, 2024 Joint Status Report, on November 4, 2024, the U.S. Patent Trial and Appeal Board ("PTAB") issued its Final Written Decision in IPR2023-00894. In its decision, the PTAB determined that Fusion had shown, by a preponderance of the evidence, that claims 1-10 and 12-15 of the '166 Patent are unpatentable. On the other hand, the PTAB also determined that Fusion had not shown, by a preponderance of the evidence, that claim 11 of the '166 Patent was unpatentable. Neither Extremity nor Fusion appealed the PTAB's Final Written Decision, and the deadline to file a notice of appeal has now passed.

As also mentioned in the parties' December 16, 2024 Joint Status Report, on December 13, 2024, Fusion submitted a request for an *ex parte* reexamination to the USPTO, challenging the validity of claim 11, among other claims of the '166 Patent, over additional prior art. On February 21, 2025, the USPTO denied Fusion's request for a reexamination on the ground that 35 U.S.C. § 315(e)(1) prohibits Fusion from seeking a second review of the claims of the '166 Patent after the PTAB had already issued its Final Written Decision in IPR2023-00894.

Thus, despite Fusion's position to the contrary below, claim 11 of the '166 Patent is valid and subsisting and there is no reason this case should not proceed now on the issues of whether claim 11 has been infringed and what the damages should be for that infringement. There has been no sanctionable conduct on Extremity's part; even the suggestion is frivolous. It is not Extremity's burden to show that claim 11 is valid; it is Fusion's burden to show that it is invalid – a burden it has not met, after trying to meet it several times. *That ship has sailed, no matter how much trouble Fusion is having admitting it*.

After claim 11 survived Fusion's IPR, Fusion impermissibly filed a reexamination request at the USPTO in an attempt to get a second bite at the apple on invalidating claim 11.  But the USPTO rightfully refused to institute the reexam, because Fusion was barred from raising its failed arguments again at the USPTO, pursuant to 35 U.S.C. § 315(e)(1).  Fusion is similarly barred from raising those arguments here, pursuant to 35 U.S.C. § 315(e)(2). 35 U.S.C. § 315(e)(2) provides: "The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a) . . . may not assert [] in a civil action arising in whole or in part under section 1338 of title 28 . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review."

Thus, there is no basis for the Court to entertain any request by Fusion regarding the validity of claim 11 "in light of all of the prior art and testimony in expert reports in this case" through an Order to Show Cause or otherwise, because that is not an issue before this Court. *See* 35 U.S.C. § 315(e)(2).

In any event, because there are no pending proceedings before the USPTO concerning the '166 Patent, the stay of this case may be lifted.  The case may proceed on Extremity's infringement claim against Fusion with regard to claim 11 of the '166 Patent because that claim survived both of the invalidity challenges that Fusion pursued before the USPTO.  Extremity requests a conference with the Court to discuss how the parties expect the case to progress going forward, and so that the Court may enter a revised case schedule.

**Defendant's Position:**

Claim 11 was never examined in either post grant proceeding. Before lifting the stay of this case, the Court should address Plaintiff Extremity Medical's bad faith pursuit of litigation based on one remaining, invalid claim of the '166 patent. As noted above and in the prior status report, 14 out of 15 claims of the '166 patent were held invalid during the Inter Partes Review ("IPR"), because those claims only include elements and combinations that have been established to be in the prior art.

The only remaining claim of the '166 patent, claim 11, is a dependent claim that merely duplicates the structure of invalid claim 10. Extremity and its counsel are fully aware that this one, remaining claim survived invalidity only on a technicality, and is invalid for all the same reasons presented in the IPR and even on Plaintiff's own investigation of prior art and expert testimony. Fusion previously put Plaintiff and its counsel on notice of potential Rule 11 violations after the conclusion of the IPR if they proceed forward in a full-scale patent litigation on a claim that both Extremity and its counsel know, conclusively, is invalid.

At this point, the only path forward for Plaintiff Extremity and its counsel is to dismiss this litigation. Any attempts to pursue this invalid patent claim against Fusion should be sanctionable conduct on behalf of both Extremity and its counsel and should be addressed prior to re-opening the litigation for further proceedings on this invalid claim. Fusion reserves the right to present evidence at a subsequent hearing to show the Court why it should dismiss this case and sanction Extremity and its counsel. Fusion further requests that instead of a further Scheduling Conference, the Court should issue a hearing on an Order to Show Cause why this litigation should not be dismissed given that the PTAB held 14 of 15 of the claims of the '166 patent invalid, and require Plaintiff to show any evidence or reason that claim 11 is still valid in light of all of the prior art and testimony in expert reports in this case.

| | |
|---|---|
| DATED: March 17, 2025 | By:  /s/ Michael J. Zinna  |

**KELLEY DRYE & WARREN LLP**
Michael J. Zinna (admitted *pro hac vice*)
mzinna@kelleydrye.com
Vincent M. Ferraro (admitted *pro hac vice*)
vferraro@kelleydrye.com
One Jefferson Road
Parsippany, NJ 07054
Telephone: (973) 503-5964

**FENNEMORE CRAIG**
William G. Klain (State Bar No. 015851)
wklain@fennemorelaw.com
2394 E. Camelback Rd., Suite 600
Phoenix, AZ 85018
Telephone (602) 916-5038

*Attorneys for Plaintiff Extremity Medical, LLC*

| | |
|---|---|
| DATED: March 17, 2025 | By:  /s/ Corby R. Vowell  <br>       (signed with permission) |

**VOWELL LAW, PLLC**
Corby R. Vowell (admitted *pro hac vice*)
corby@vowelllawfirm.com
8350 N. Central Expressway, Suite 1900
Dallas, TX 75206
Telephone: (817) 313-9548

**ROCERETA LAW, LLC**
Samuel Rocereta (State Bar No. 035983)
sam@fusionorthopedics.com
PO Box 826
Queen Creek, AZ 85142
Telephone: (602) 757-3360

**ALLIANCE IP, LLC**
Ross G. Culpepper (admitted *pro hac vice*)
ross@allianceip.com
7211 La Vista Drive
Dallas, TX 75214
Telephone: (469) 917-7693

*Attorneys for Defendant Fusion Orthopedics, LLC*