**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Extremity Medical, LLC,<br>Plaintiff,<br>v.<br>Fusion Orthopedics, LLC,<br>Defendant. | No. CV-22-00723-PHX-GMS<br>**ORDER** |
| Fusion Orthopedics, LLC,<br>Counter-Claimant,<br>v.<br>Extremity Medical, LLC,<br>Counter-Defendant. | |

Pending before the Court is Plaintiff's Motion for Reconsideration (Doc. 155) of the Court's August 3, 2025 Order. (Doc. 153).

Plaintiff moves for reconsideration on the Court's denial of Plaintiff's Motion for Partial Summary Judgment "as to the narrow issue of the public-use bar with respect to the VersaNail System." (Doc. 155 at 2).

Motions for reconsideration "are disfavored and are rarely granted." *Resol. Tr. Corp. v. Aetna Cas. & Sur. Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994). "Reconsideration is an 'extraordinary remedy' that is available only in 'highly unusual circumstances.'" *Rynn v. First Transit Inc.*, No. CV-21-01755, 2022 WL 287003, at *1 (D. Ariz. Jan. 13,

2022) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Such a motion should ordinarily be denied, absent (1) "a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence" or (2) "a showing of manifest error." LRCiv. 7.2(g).

Courts in the Ninth Circuit have defined a "manifest error" as "one that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Teamsters Loc. 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 231 (D. Ariz. 2012). Manifest error is not "demonstrated by the disappointment of the losing party." *Id.* (citations omitted).

Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890. Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

In its Motion for Reconsideration, (Doc. 155), Plaintiff contests the Court's finding that Defendant has demonstrated "the existence of a genuine dispute of material fact as to whether the VersaNail System was in public use before February 11, 2009." (Doc. 153 at 26). The Court based this finding upon the commercial exploitation prong of the public-use test. *Minerva Surgical Inc. v. Hologic, Inc.*, 59 F.4th 1371, 1377 (Fed. Cir. 2023) (citation modified). In their Motion for Reconsideration, (Doc. 155), Plaintiff fails to identify how the Court's application or resolution of the commercial exploitation test is a manifest error "that amounts to a complete disregard of the controlling law." *Teamsters*

*Loc. 617 Pension & Welfare Funds*, 282 F.R.D. at 231 (internal quotation marks and citations omitted). Thus, the Court has reviewed Plaintiff's Motion for Reconsideration and there is no basis on which to reconsider the August 3, 2025 Order. (Doc. 153).

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 155) is **DENIED**.

Dated this 6th day of October, 2026.

G. Murray Snow
Senior United States District Judge